STATE EX REL. DAME, Respondent, vs. LeFEVRE and others, Appellants.

*June 11—July 1, 1947.*

For the appellants there was a brief by *Rix, Kuelthau & Kuelthau* of Milwaukee, and oral argument by *G. Karl Kuelthau* and *Carl B. Rix.*

*Patrick J. McCaffrey* of Milwaukee, for the respondent.

RECTOR, J.  The motion to quash was grounded upon the objection that the petition did not state a cause of action entitling the plaintiff to a writ of *mandamus*.  It has been the long-established practice to question the sufficiency of the petition by such a motion.  It is regarded as a general demurrer when made upon the ground specified.  *State ex rel. Nelson v. Henry* (1934), 216 Wis. 80, 256 N. W. 714; *State ex rel. Karnes v. Board of Regents* (1936), 222 Wis. 542, 269 N. W. 284.  Cf. sec. 293.01, Stats.  If the petition shows no ground for the issuance of the writ, the motion lies even though, regarded as a complaint in a civil action, it might show the plaintiff entitled to some other form of redress.  *State ex rel. Baraboo v. Page* (1930), 201 Wis. 262, 229 N. W. 40.

At one time it was the practice to question in the same manner the sufficiency of a complaint for equitable relief.  It was the practice to demur upon the ground that the facts stated in the complaint did not show a cause of action for equitable relief.  The demurrer was regarded as general and was sustained where the complaint showed no right to equitable relief even though it showed a basis for relief at law.  *Trustees of Kilbourn Lodge v. Kilbourn* (1889), 74 Wis. 452, 43 N. W. 168.  This practice began at an early date and continued until the enactment of sec. 263.07, Stats., by ch. 354, Laws of 1911.  The section reads:

"In case of a general demurrer to a complaint, if upon the facts stated, construing the pleading as provided in section 263.27, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress."

Since the enactment of the section this court has uniformly held that it is no longer necessary in pleading a cause of action for equitable relief to show that adequate legal remedies do not exist.  If a cause of action for legal relief is stated, a general

demurrer must be overruled even though no cause of action for equitable relief is stated. *McIntyre v. Carroll* (1927), 193 Wis. 382, 214 N. W. 366. The proper way in which to dispose of the question whether a cause of action for legal or equitable relief is shown is by motion to place upon the court or jury calendar, as the case may be. *Williams v. Oconomowoc* (1918), 167 Wis. 281, 166 N. W. 322.

If sec. 263.07, Stats., is applicable, the motion to quash in this case, which is in substance a general demurrer, was properly denied if the petition set out a cause of action entitling the plaintiff to some form of relief, irrespective of whether it showed he was entitled to a writ of *mandamus*. Such an application of the statute would result in overruling decisions such as *State ex rel. Baraboo v. Page, supra*. We are of the view that the statute applies and that such cases must be overruled.

It was held in *State ex rel. Green Bay & M. R. R. Co. v. Jennings* (1882), 56 Wis. 113, 121, 14 N. W. 28, that upon issue joined in a *mandamus* proceeding it became in effect "a civil action within the meaning of the statutes, and as to forms and sufficiency of the several pleadings must be governed and controlled by the same rules which prevail in other civil actions." In *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 107 N. W. 500, it was held that the institution of proceedings by the original writs of *mandamus, certiorari,* etc., constituted the commencement of an action. Since those decisions and others of similar import sec. 293.01, Stats., has been amended to specify that "*Mandamus* is a civil action." Sec. 262.01 has been amended to provide that a civil action shall be commenced by the "service of a summons *or an original writ.*" The italicized language inserted in the section by ch. 541, Laws of 1935, removed one of the difficulties that had existed in treating *mandamus* as a civil action. It was pointed out in *State ex rel. Milwaukee Medical College v. Chittenden, supra,* that the

provision in the section as it then existed that a civil action was to be commenced by service of a summons was not strictly applicable to a remedy invocable by judicial writ. It is obvious that these changes were made to clear up difficulties that had been found to exist in applying to *mandamus* proceedings the various procedural provisions relating to civil actions. If such procedural provisions were not to be applied, it would be necessary to apply common-law rules, since there would be no other procedural provisions applicable. *State ex rel. Green Bay & M. R. R. Co. v. Jennings, supra.*

Since *mandamus* is a civil action, title XXV, Stats., entitled "Procedure in Civil Actions," is applicable. Ch. 263, as a part of title XXV, dealing with pleadings in civil actions, is likewise applicable. Sec. 263.01, Stats., specifies that "The forms of pleading in civil actions in courts of record and the rules by which the sufficiency of the pleadings are determined are prescribed by chapters 260 to 297." Sec. 263.07, to which we have referred, must therefore be applicable in determining the sufficiency of pleadings in a *mandamus* action.

The question now arises as to whether the petition for the alternative writ, regarded as a complaint in a civil action, states facts sufficient under a liberal construction which entitled plaintiff to "any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not. . . ." If it does, it "shall be sufficient for such redress."

The recitals of the petition are admitted by the motion to quash. The plaintiff was the president of the Racine local of the defendant guild, a state-wide voluntary association of telephone workers. In addition he was chairman of the Racine district, a member of the general executive board, and a member of the general council. On April 27, 1946, he was expelled by the general executive board from membership in the guild and was thereby deprived of his offices. The board acted under the provisions of art. IV, sec. 4, of the guild's constitution which, so far as relevant, provides:

"B) All business of the union shall be kept strictly private from persons who are not members of the union, unless publication of the same is authorized by the general executive board or general council.

"C) Any violation of this section shall be punished by assessment, suspension or expulsion as the general executive board may decree."

The expulsion was based upon an alleged violation of sub. B in transmitting to the Wisconsin Telephone Company, an employer with whom the guild had been bargaining, a copy of a resolution adopted by the Racine local of the defendant guild. The resolution recited that: (1) The executive officers had executed a contract for wages with the Wisconsin Telephone Company; (2) they had failed to secure the approval of the contract by the general council and the membership, as provided in art. X of the constitution; and (3) the action of the officers was in violation of the constitution and denoted a lack of consideration for the welfare of the members. It was resolved, (1) that the president be ordered to inform the management of the Wisconsin Telephone Company that the contract would not be in effect until approved by the membership; (2) that the president be instructed to request the executive board to immediately refer the company's proposal to the membership for ratification; (3) that the executive officers who executed the contract be censured for their actions; (4) that a copy of the resolution be forwarded to the executive officers and to the members of the general council, and that it be published in the next issue of the union publication, the Guild News.

The plaintiff was not notified of the charges upon which he was expelled nor was he notified of the purpose of the meeting at which the expulsion occurred.

The question presented is whether plaintiff was entitled to the requisites of a common-law hearing, including notice of the charges against him and opportunity to prepare a defense.

It is contended that his right of membership in the guild was a property right and that while art. IV, sec. 4, sub. C, to which we have referred and which provides for expulsion by the general executive board, contains no provision for such procedure, it is necessarily implied as an element of due process.    Cases such as *Ekern v. McGovern* (1913), 154 Wis. 157, 142 N. W. 595, are said to require this conclusion.    We cannot agree with the contention.    The requisites of due process to which reference is made in these cases pertain to the relationship of government created by law to those who are governed.    The due-process clauses of the state and federal constitutions are not applicable to contract relationships between individuals.

The plaintiff's rights to membership in the Telephone Guild, such as they are, rest upon the constitution and by-laws which constitute a contract between him and the other members of the guild.    It contains specific provisions for notice and hearing in the case of expulsion by locals of the guild and in the case of impeachment of guild officers.    The fact that there is this detailed provision in such cases is persuasive that none was intended in the case of expulsion by the general executive board under art. IV, sec. 4, where none is detailed. And it need not be implied by any requirement of due process. Plaintiff was entitled to no hearing since none was provided in the contract.

It is argued that in any event the guild constitution entitled plaintiff to a hearing because of a provision in art. XX, sec. 1, to the effect that all questions of a parliamentary nature not provided for in the rules should be governed by Robert's Rules of Order.    It is reasoned that since no provision was made for a hearing in art. IV, sec. 4, sub. C, that Robert's Rules of Order must govern and that such rules require advance notice of hearing and specification of charges.    Robert's Rules of Order (Rev.), sec. 75, contemplate expulsion by vote of the entire membership and provide a procedure for investigation of charges by a committee and for the conduct of a hearing. They can have no application where, as here, the constitution

specifically provides for removal by the governing board of the organization. The provision of sub. C is inconsistent with Robert's Rules and there is no basis upon which those rules can be held to implement the power thereby conferred.

So far as plaintiff's removal as an officer is concerned, there was no attempt to remove him aside from the removal that necessarily resulted from his expulsion as a member. It is implied, of course, that membership in the union is an essential qualification of the right to hold a union office. The provision relating to impeachment of officers must be construed as limited to the removal of union members holding offices. It looks to the continuation of such membership following the impeachment. Where membership is terminated the right to hold office is automatically terminated, without regard to impeachment proceedings.

This brings us to the question whether the plaintiff was removed in accordance with the provisions of art. IV. He was not properly removed unless he violated the injunction in sec. 4, sub. B, against divulging union business which had not been publicized under the authority of the general executive board or general council. That the resolution adopted by the Racine local dealt with union business is clear. An internal affair of the union such as a controversy over adherence by its officers to the constitution in the formulation of a contract with an employer, constitutes union business. Moreover, controversies between union general officers and locals concerning the manner in which the union's affairs have been conducted constitutes union business. There is nothing contrary to public policy in the provision for secrecy so far as it is involved in this case. Plaintiff violated the provision and was properly expelled.

The petition fails to show that the plaintiff was entitled to any form of judicial redress.

*By the Court.*—Order reversed, and cause remanded with directions to quash the alternative writ.