DOLAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 16. Argued October 9, 1970.—Decided November 6, 1970.*
(Also reported in 180 N. W. 2d 623.)

698

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Mary K. Bowman,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

HANLEY, J.   Three issues are presented on appeal:

(1)  Was Dodge county the proper venue for trial;

(2)  Does the legal fiction employed in sec. 53.02, Stats., conflict with art. I, sec. 7, of the Wisconsin Constitution; and

(3)  Were there any errors in the bindover and in the method used to transfer the case from county court to circuit court?

### *Was Dodge county the proper venue?*

Defendant's first argument is that his escape occurred in Dane county and he should have been tried there because sec. 956.01 (1), Stats., provides that criminal actions shall be tried in the county where the crime was committed.

Sec. 956.01 (1), Stats., makes the above provision, but ends with the phrase "except as otherwise provided in this section."

The place of trial for offenses committed while incarcerated is "otherwise provided" for in sec. 956.01 (9), Stats., which provides that the place of trial for crimes committed within the precincts of a Wisconsin prison shall be governed by sec. 53.02.

Sec. 53.02 (4), Stats., set forth above, is not a model of clarity, but its net effect is to provide that every activity conducted by the Wisconsin prison system is deemed to be carried on within the precincts of the prison, regardless of where it is actually and physically carried on.

Then sec. 53.02 (4), Stats., further provides that all of these precincts, regardless of where they are actually located, are deemed to be located in Dodge county. Then, still further sec. 53.02 (4) provides that the courts of Dodge county shall have jurisdiction over all crimes committed within the precincts of the Wisconsin prison system.

The circuity found in sec. 53.02(4), Stats., is exceeded only by that found in defendant's contention that he was not within the precincts of the prison when he escaped from University Hospitals in Dane county. Defendant bases this argument on sec. 36.31, which states that the State of Wisconsin General Hospital "shall be under the control and supervision of the board of regents of the university." He argues that his medical treatment was not an "activity conducted under the jurisdiction of and by the Wisconsin correctional institution." (Sec. 53.02.) Thus defendant maintains that he was under the regents' control, not that of the prison when he escaped.

It is not necessary to resolve the synthetic conflict which the defendant has created between sec. 53.02, Stats., and sec. 36.31. It is sufficient to note that sec. 946.42 (1) makes it a crime to escape from "custody," and sec. 946.42 (5) (b) defines custody as follows:

"(b) 'Custody' includes without limitation actual custody of an institution or of a peace officer or institution guard and constructive custody of prisoners temporarily outside the institution whether for the purpose of work or *medical care* or otherwise. . . ." (Emphasis supplied.)

Under the above statutes it is clear that defendant was still in custody of the Wisconsin correctional institution when he escaped.

Under sec. 53.02 (4), Stats., his escape is "deemed" to have occurred in Dodge county.

From the facts of the case a reasonable inference can be drawn that the defendant used the trip to University Hospitals as a ruse to escape from the correctional institution.

We conclude that Dodge county was the proper venue for defendant's trial.

*Sec. 53.02 (4), Stats., is not in conflict with art. I, sec. 7 of the Wisconsin Constitution.*

We think laying of venue in Dodge county for the offense in question does not conflict with art. I, sec. 7 of the Wisconsin Constitution, because the last clause in that section reads:

". . . which county or district shall have been previously ascertained by law."

Such previous ascertainment has been made by the legislature, and it has clearly provided that escapes from custody are triable in Dodge county regardless of where they actually occur.

The defendant claims that such an interpretation of art. I, sec. 7, would frustrate its underlying purpose. That purpose, he maintains, is to insure that a defendant has an opportunity to be tried by his neighbors.

If every criminal accused had a right to be tried by his neighbors, considerable havoc would result. This would mean that every criminal who committed a crime outside of his home county would have to be returned to his home county in order to insure that the jury was made up of his neighbors. This then would deprive him of his right to be tried where the offense was committed.

This in turn would mean that a defendant could not be tried at all without violating one of two rights claimed.

Here the defendant has waived his right to a jury trial by his plea of guilty. The trial judge did not accept his plea until after he conducted a thorough examination of the defendant's understanding of what his guilty plea entailed.

Defendant's counsel was present throughout these proceedings; and neither he nor the defendant raised any objection to the Dodge county venue. This argument is raised for the first time on appeal. Thus, the defendant has waived whatever objections he may have had to the venue of his trial; and he makes no showing of a manifest injustice which would require that he be relieved of that waiver and allowed to withdraw his guilty plea.

*Bindover and transfer of the case from county court to circuit court.*

The defendant attacks the specific words used by the magistrate in ordering his bindover to the county court "for the purpose of accepting a plea." The defendant argues that sec. 954.13 (1), Stats., provides that: "he shall be committed to await trial in either county court or circuit court." Defendant contends that the magistrate bound him over for a purpose other than that called for in the statute. His point is that instead of being bound over "to await trial," he was bound over "for the purpose of accepting a plea." The defendant insists that the magistrate's failure to use the exact words in the statute renders the bindover null and void and divests the court of any jurisdiction which it may have had over the matter.

Defendant cites no authority in support of this sweeping conclusion. We think a more reasonable approach to the magistrate's deviation from the exact words of

sec. 954.13(1), Stats., is to inquire what effect, if any, such deviation had on the defendant's rights.

If the defendant had been bound over "to await trial," the very next step which would have occurred would have been for the judge to ask the defendant how he wished to plead. Since that is precisely what happened in this case, it is difficult to see how this deviation, which passed without objection at the time of trial, could constitute a "manifest injustice" under *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, requiring the withdrawal of a guilty plea.

Defendant's next claim of error involves the manner in which his case was transferred to the circuit court for Dodge county. Sec. 256.58 (2), Stats., provides:

". . . when it appears that an action pending in the county court will be tried by a 12-man jury, the county court may, by order transfer the action to the circuit court of said county, . . ."

Defendant argues that this transfer should not have been made because he never expressly demanded a jury trial. It is correct that no express demand for a jury trial was made by the defendant, but defendant did affirm that he wanted every phase and facet of his case tried out; and he made no objection to the transfer in the county court, nor did he object to the trial court's jurisdiction in the circuit court. Moreover, when the county judge said, ". . . this Court recognizing the desire of the defendant to have a jury trial, . . ." neither the defendant nor his attorney said a word. This tacit acquiescence to the judge's remark gave the impression that the action would be tried by a 12-man jury.

The statute does not require a specific demand for a 12-man jury in order to transfer the action from the county court to the circuit court. It is sufficient under the statute if "it appears that an action . . . will be tried by a 12-man jury."

We see no error in the manner in which the action was transferred from the county court to the circuit court.

We conclude that the venue was correct; the bindover was properly carried out; and the transfer from county court to circuit court was in conformity with the provisions of sec. 256.58 (2), Stats. It follows that the order of the trial court must be affirmed.

*By the Court.*—Judgment and order affirmed.