STAVER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 136. Submitted March 29, 1973.—Decided May 1, 1973.*
(Also reported in 206 N. W. 2d 623.)

For the plaintiff in error the cause was submitted on the briefs of *James H. McDermott* and *Howard B. Eisenberg*, state public defenders.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Steven B. Wickland*, assistant attorney general.

PER CURIAM. After a review of the record presented in this case, the court concludes the lower court had jurisdiction to accept the guilty plea. The case docket sheet reflects that after defendant by letter waived preliminary examination, he was bound over for trial to branch II of the county court. There, without objection, he entered his guilty plea. Under these circumstances, the defendant cannot now complain that there was not literal compliance with sec. 970.03 (3). Any deviation was clearly nonprejudicial. *See Dolan v. State* (1970), 48 Wis. 2d 696, 180 N. W. 2d 623.

Furthermore, the record reveals substantial compliance by the lower court with the requirements adopted to insure voluntary guilty pleas. *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. The objection that the trial court accepted the guilty plea before it heard the factual basis for the plea is without merit because a sufficient factual basis was ultimately presented. *See Salters v. State* (1971), 52 Wis. 2d 708, 191 N. W. 2d 19. Similarly, it appears from the record that the trial court made an adequate inquiry into the defendant's educational background and level of comprehension prior to accepting the plea.

The court concludes it is immaterial whether defendant's trial counsel informed him of the state's change of position on the plea bargain because there is some evidence indicating the defendant was present at the time the assistant district attorney informed the defense attorney that the state was no longer going to recommend probation. The testimony presented at the

entry of the plea, at the sentencing and at the post-conviction hearing, strongly supports the inference that defendant and his counsel knew and agreed to a new plea bargain. *Cf. Santobello v. New York* (1971), 404 U. S. 257, 92 Sup. Ct. 495, 30 L. Ed. 2d 427.

Finally, the court concludes the defendant suffered no prejudice by the failure of the trial judge to disqualify himself from hearing the postconviction motion. *See: Krueger v. State* (1972), 53 Wis. 2d 345, 192 N. W. 2d 880; *Sturdevant v. State* (1970), 49 Wis. 2d 142, 181 N. W. 2d 523; *see also: Rahhal v. State* (1971), 52 Wis. 2d 144, 187 N. W. 2d 800.

The judgment and order are affirmed.