Leon IRBY, Petitioner-Appellant,

v.

Warren YOUNG, Respondent.†

Court of Appeals

*No. 86–0018. Submitted on briefs February 9, 1987.—Decided April 16, 1987.*

(Also reported in 407 N.W.2d 314.)

For the petitioner-appellant the cause was submitted on the briefs of *Leon Irby,* pro se, of Waupun.

† Petition to review denied. Motion for reconsideration filed.

For the respondent the cause was submitted on the brief of *Frank D. Remington* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J. We granted Leon Irby leave to appeal[1] from an order changing venue from Dodge county to Dane county. Respondent is the superintendent of Waupun Correctional Institution in Dodge county. Irby is a Waupun inmate. He petitioned the Dodge County Circuit Court for certiorari to review a prison disciplinary committee's decision finding him guilty of violating an institutional regulation. The superintendent is the sole defendant and the action is brought against him in his official capacity. For that reason, we hold that venue lies in Dane county. We therefore affirm.

Irby rests his contention that venue lies in Dodge county on sec. 53.02(1), Stats., which provides:

> For all purposes of discipline and for judicial proceedings, the Waupun correctional institution and the precincts thereof shall be deemed to be in Dodge county, and the courts of that county shall have jurisdiction of all crimes committed within the county. Every activity conducted under the jurisdiction of and by the institution, wherever located, is a precinct of the prison, and each precinct is part of the institution.

[1]An order denying venue is not appealable as of right, since it does not dispose of the entire matter in litigation between appellant and respondent. Sec. 808.03(1), Stats. We granted leave to appeal because the proper venue for actions to review prison disciplinary proceedings is a recurring problem. Sec. 808.03(2).

The superintendent's motion to change venue is based on sec. 801.50, Stats., which governs venue in civil actions or proceedings. Sec. 801.50(3) provides:

> All actions in which the sole defendant is the state, any state board or commission or any state officer, employe or agent in an official capacity shall be venued in Dane county unless another venue is specifically authorized by law.

Because the facts are undisputed and venue is statutory, the proper venue for Irby's petition for certiorari is a question of law.

It was early established that issuance of an original writ of certiorari commenced a civil action. *State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 494, 107 N.W. 500, 508 (1906). Under the present Code of Civil Procedure an action seeking a remedy available by certiorari may be commenced as a civil action under sec. 801.02, Stats., whether by serving the writ or by filing a complaint demanding a specified remedy. Sec. 801.02(5). We conclude that by petitioning for certiorari, Irby brought a civil action.[2]

Because Irby's petition for certiorari is a civil action and one in which the sole defendant is a state employe acting in an official capacity, sec. 801.50(3), Stats., requires that the action be venued in Dane county "unless another venue is specifically authorized by law." The question is whether sec. 53.02(1),

---

[2]*State ex rel. Dame v. LeFevre,* 251 Wis. 146, 149–50, 28 N.W.2d 349, 352 (1947), reached the same conclusion as to mandamus, another prerogative writ, by a similar route under the Code of Civil Procedure then in effect.

Stats., specifically authorizes another venue. We conclude it does not.

Section 53.02(1), Stats., is silent as to venue for civil actions. Indeed, it does not authorize any particular venue for this or any other civil action. It merely affects whatever geographical factors are pertinent to discipline and judicial proceedings.

As was said of the predecessor[3] to sec. 53.02(1), Stats., the statute "is not a model of clarity, but its net effect is to provide that every activity conducted by the Wisconsin prison system is deemed to be carried on within the precincts of the prison, regardless of where it is actually and physically carried on" and "that all of these precincts, regardless of where they are actually located, are deemed to be located in Dodge county." *Dolan v. State,* 48 Wis. 2d 696, 701, 180 N.W.2d 623, 625 (1970).

The geographical facts and fictions noted and created by sec. 53.02(1), Stats., are not pertinent to the venue issue before us.

We conclude that because sec. 53.02(1), Stats., does not specifically authorize venue in another county for this action, venue lies in Dane county. Sec. 801.50(3), Stats. No other statute authorizing another

___

[3]Much of sec. 53.02(1), Stats., first appeared in sec. 33, ch. 477, Laws of 1852, and sec. 37, ch. 188, Laws of 1858. Notwithstanding the Supreme Court's criticism in *State v. Dolan,* 48 Wis. 2d 696, 701, 180 N.W.2d 623, 625 (1970), the obscurities in sec. 53.02 have been repeated in secs. 53.02(2) through (4t), Stats., as created by 1973 Wis. Laws, ch. 90, sec. 296m; 1977 Wis. Laws, ch. 418, sec. 370; 1979 Wis. Laws, ch. 221, secs. 427 and 429; 1981 Wis. Laws, ch. 20, sec. 968m; 1985 Wis. Laws, Act 29, sec. 1125. *See also Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982) ("no circuit court is without subject-matter jurisdiction to entertain actions of any nature whatever").

venue has been brought to our attention. The order transferring venue to Dane county must be affirmed.

*By the Court.*—Order affirmed.