In re Walter Ernest NAYDAN
and Ethel Elnora Naydan.

Walter Ernest NAYDAN and Ethel
Elnora Naydan, Plaintiffs,

v.

Connie Jo NAYDAN, Defendant.

Connie Jo NAYDAN, Counterclaimant,

v.

Walter Ernest NAYDAN and Ethel
Elnora Naydan, Counterclaim
Defendants.

Bankruptcy No. 93–16106S.
Adv. No. 93–6511.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Sept. 20, 1993.

Byron Rhodes, Hot Springs, AR, for debtors.

Charles Coleman, Little Rock, AR, for defendant/counterclaimant.

Frederick Wetzell, Little Rock, AR, trustee.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON THE COUNTERCLAIM

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Amended and Substituted Motion for Summary Judgment filed by the defendant and counterclaimant, Connie Jo Naydan, on August 26, 1993, to which the plaintiffs and counterclaim defendants responded on September 13, 1993.

The primary facts of this dischargeability action are not in dispute. Connie Jo and Walter Ernest Naydan were divorced on October 16, 1974. Walter Naydan's current wife, Ethel Naydan, is a debtor in this bankruptcy case and is a party to instant adversary proceeding. On January 16, 1990, Connie Jo Naydan obtained a post-divorce judgment against Walter Naydan which imposed upon him a fiduciary obligation to collect and pay over to Connie Jo Naydan twenty-four percent (24%) of his federal retirement benefits. Walter Naydan failed to deliver any of these funds to Connie Jo Naydan.

Accordingly, on February 19, 1993, Connie Jo Naydan obtained judgment against both Walter Naydan and Ethel Naydan on the basis of the debtors' fraud, defalcation, embezzlement, larceny, conspiracy, conversion, and willful and malicious injury. The state court entered a money judgment in favor of Connie Jo Naydan consisting of actual damages, interest, and punitive damages. In addition, the court imposed a constructive trust upon all of the defendants' property.

Less than one month later, on March 15, 1993, Walter and Ethel Naydan filed a Chapter 7 petition in bankruptcy. On the same date, the debtors filed this adversary proceeding which seeks a determination that the debt owed to Connie Jo Naydan is dischargeable and further seeks to avoid the judicial lien. Connie Jo Naydan filed a counterclaim requesting that the debt be determined nondischargeable pursuant to Bankruptcy Code section 523(a)(2)(A), (a)(4), (a)(5), and (a)(6). In support of her motion for summary judgment, Connie Jo Naydan asserts that since the issues of fraud, conversion, embezzlement, willful and malicious injury, and defalcation while acting in a fiduciary duty have been previously litigated, there is no genuine issue as to any material fact and such that she is entitled to a judgment as a matter of law on the dischargeability claim.

The doctrine of *res judicata* bars the relitigation of issues actually litigated in another court of competent jurisdiction. *Armstrong v. Norwest Bank Minneapolis, N.A.*, 964 F.2d 797, 802 (8th Cir.1992). The doctrine applies if the following elements are met:

(1) the prior judgment was rendered by a court of competent jurisdiction;

(2) the prior judgment was a final judgment on the merits; and

(3) the same cause of action and the same parties or their privies were involved in both cases.

*Id.* Each of these elements are indisputably met with regard to the requests for determination of dischargeability under sections 523(a)(2)(A), actual fraud, 523(a)(4), fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and 523(a)(6), willful and malicious injury by the debtor to another entity or to the property of another entity.

The state court judgment entered in the 101st Judicial District Court in Dallas County, Texas, makes extensive findings of fact regarding the acts of Walter and Ethel Naydan, including but not limited to findings that Walter and Ethel Naydan conspired to "intentionally and deliberately deprive Connie Jo Naydan of her rights in and to her share of the retirement benefits." The court expressly found, among other acts, that,

Walter Naydan committed defalcation while acting in a fiduciary capacity with respect to Connie Jo Naydan.

Walter E. Naydan committed fraud upon Connie Jo Naydan while acting in a fiduciary capacity with respect to Connie Jo Naydan.

Walter E. Naydan committed embezzlement of Connie Jo Naydan's share of the Retirement Benefits.

Walter E. Naydan and Ethel E. Naydan committed intentional and deliberate con-

version of Connie Jo Naydan's share of the Retirement Benefits.

Ethel E. Naydan committed larceny of upon Connie Jo Naydan's share of the Retirement Benefits.

Walter E. Naydan and Ethel E. Naydan conspired together [to] commit fraud, defalcation, embezzlement, conversion and larceny with respect to Connie Jo Naydan's share of the Retirement Benefits.

Walter and Ethel E. Naydan willfully and maliciously injured the property and property rights of Connie Jo Naydan.

*Naydan v. Naydan,* No. 90–14024–E, slip op. (Dist.Ct.Tex. filed Feb. 19, 1993) (final judgment).

Debtors do not seriously contest the effect of the state court judgment nor the applicability of the doctrine of *res judicata* as it applies to the elements of section 523 and the state law torts. Debtors argue instead that a material question of fact exists as to whether the transfer of twenty-four percent (24%) of Walter Naydan's interest in the retirement benefits was barred by 5 U.S.C. § 8346.

 This issue is barred by the doctrine of collateral estoppel inasmuch as the Texas state district court previously addressed and rejected that argument raised by debtors in that forum: "The Court finds that Defendant's defense that Plaintiff's suit is legally barred because the Court is prohibited from issuing a Qualified Domestic Relations Order in connection with these Veteran's Administration retirement benefits is without merit...." There is no contention that this order was ever overturned on appeal or is otherwise not a final determination on the issue sought to be litigated. Since the sole issue raised by debtors has previously been decided against them, they may not raise it again in this Court. *See generally Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Johnson v. Miera (In re Miera),* 926 F.2d 741, 743 (8th Cir.1991) (elements of doctrine of collateral estoppel). Accordingly, Connie Jo Naydan is entitled to a

judgment of nondischargeability on her counterclaim,[1] and dismissal of the plaintiffs' request for determination of dischargeability which shall be entered at the conclusion of this adversary proceeding.

**ORDERED** that the Counterclaimant's Amended and Substituted Motion for Summary Judgment, filed on August 26, 1993, is GRANTED. Judgment shall be entered at the conclusion of the adversary proceeding.

**FURTHER ORDERED** that the Motion for Summary Judgment filed on August 19, 1993, is mooted by the Amended and Substituted Motion for Summary Judgment.

**IT IS SO ORDERED.**

---

1. The amount of nondischargeable debt includes not only actual damages, but also punitive damages, *Miera,* 926 F.2d at 745, and attorneys fees, *Littlefield v. McGuffey (In re McGuffey),* 145 B.R. 582, 596–97 (Bankr.N.D.Ill.1992); *see Miera,* 926

F.2d at 745 ("The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt.").