**In Re Walter Ernest NAYDAN and Ethel Elnora Naydan.**

**Bankruptcy No. 93–16106S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Dec. 15, 1993.

from making any determination of lien priority with regard to persons not in this law suit.

Charles Coleman, Little Rock, AR, for Connie Naydan.

Byron Rhodes, Hot Springs, AR, for debtors.

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon an Objection to Claimed Exemptions filed by the creditor Connie Naydan.

Connie Jo and Walter Ernest Naydan were divorced on October 16, 1974. Walter Naydan's current wife, Ethel Naydan, is also a debtor in this bankruptcy case. On January 16, 1990, Connie Jo Naydan obtained a post-divorce judgment against Walter Naydan which imposed upon him a fiduciary obligation to collect and pay over to Connie Jo Naydan twenty-four percent (24%) of his federal retirement benefits. Walter Naydan failed to deliver any of these funds to Connie Jo Naydan.

Accordingly, on February 19, 1993, Connie Jo Naydan obtained judgment against both Walter Naydan and Ethel Naydan on the basis of the debtors' fraud, defalcation, embezzlement, larceny, conspiracy, conversion, and willful and malicious injury. The state court entered a money judgment in favor of Connie Jo Naydan consisting of actual damages, interest, and punitive damages. In addition, the court imposed a constructive trust upon all of the defendants' property.

Less than one month later, on March 15, 1993, Walter and Ethel Naydan filed a Chap-

ter 7 petition in bankruptcy.[1] In their schedules, the debtors classified all of the retirement benefits as exempt, including the portion previously apportioned to Connie Jo Naydan as her separate property. Connie Jo Naydan objects not only to the exemption of her property, the twenty-four percent interest in the retirement benefits, but she also objects on the basis that she holds the equitable interest in all of debtors' property such that they may not exempt that property.

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Property of the estate is also limited to interests of the debtor:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

■ While federal bankruptcy law determines the effect of legal or equitable interests in property, *N.S. Garrott & Sons v. Union Planters National Bank (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir.1985), the Court looks to state law to determine the nature and extent of the interest, *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re N.S. Garrott & Sons*, 772 F.2d at 466. Under federal bankruptcy law, the estate succeeds only to the title and rights in property the debtor had at the time of the filing of the petition in bankruptcy. *In re N.S. Garrott & Sons*, 772 F.2d at 467.

■ In the instant case, the Texas state court previously apportioned the retirement benefits, granting to Connie Jo Naydan twenty-four percent of the benefits. Accordingly, that portion is not property of the estate. *See Resare v. Resare*, 154 B.R. 399 (D.R.I.1993); *see also Chandler v. Chandler*, 805 F.2d 555 (5th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 837 (1987); *Stolp v. Stolp*, 116 B.R. 131 (Bankr. W.D.Wisc.1990); *Farrow v. Farrow*, 116 B.R. 310 (Bankr.M.D.Ga.1990). Under the judgment, Walter Naydan retained no equitable interest in the twenty-four percent of the retirement benefits.

■ The more problematic issue for the Court is the effect of the constructive trust upon property of the estate. In addition to awarding Connie Jo Naydan twenty-four percent interest in the retirement benefits, the state court imposed a constructive trust upon *all* property of both debtors. The difficulty with this issue is that the imposition of a constructive trust may appear to conflict with the goal of the Bankruptcy Code to provide for ratable distribution among all creditors. Indeed, a Bankruptcy Court must be wary that a constructive trust is not imposed to manipulate the Bankruptcy Code and disturb the priority of distribution under the Code. *See Gilbert v. Palmer Mfg. & Supply, Inc. (In re Winkle)*, 128 B.R. 529 (Bankr. S.D.Ohio 1991).[2]

■ In this instance, however, the constructive trust is not an unfair manipulation of the Bankruptcy Code. The constructive trust represents a choate equitable interest imposed pre-petition, after extensive litigation, evidenced by a recorded instrument issued by the state court. The trust was imposed due to the markedly fraudulent and tortious behavior of both debtors, as evidenced by the lengthy and tortured history of Connie Jo Naydan's efforts to collect her property and the acerbic findings of fact by the state court. Connie Jo Naydan holds not only equitable title to the twenty-four percent interest in the debtor husband's retirement benefits, but also holds equitable title to all property of both debtors.

---

1. The debtors' relatively few debts include nearly $70,000 in attorneys fees for the litigation in the Texas state court, credit card debt in the amount of nearly $18,000, and the debt to Connie Jo Naydan who is owed over $200,000.

2. Despite the possible far reaching effects of the imposition, prepetition, of a constructive trust, there are very few cases on the issues that such a trust creates. In the majority of cases, the debtor files bankruptcy before judgment is entered imposing such a remedy.

▉ Only if property is included in the bankruptcy estate, may the debtors exempt it pursuant to 11 U.S.C. § 522. Since Connie Jo Naydan's twenty-four percent beneficial interest in the benefits is not property of the estate, debtors may not exempt those benefits under section 522. Secondly, the debtors may not exempt other property inasmuch as they have no equitable interest to exempt.

Debtors argue that 5 U.S.C. § 8346 excepts civil service retirement benefits from "legal process" such that the state court judgment is invalid. Even were this argument of any merit, it is improperly before this Court as it has already been litigated in the state court. Further, this Court has previously ruled debtors' argument to be precluded by the doctrine of collateral estoppel. *See Naydan v. Naydan,* 161 B.R. 464 (Bankr.W.D.Ark.1993) (Order Granting Motion for Summary Judgment on the Counterclaim). Since this has previously been decided against them, debtors may not raise it again in this Court. *See In re Brown,* 152 B.R. 563 (Bankr.E.D.Ark.1993) (Scott, J.) (sanctions imposed upon counsel for repetitive filings).

Inasmuch as a constructive trust was imposed upon all of the property of the debtors prior to the inception of the bankruptcy proceeding, and that constructive trust, does not contravene bankruptcy law, the debtors had no equity in property to which they hold legal title, as of the date of the filing of the petition in bankruptcy. Accordingly, the claim of exemptions is ineffective. It is

**ORDERED** that the Objection to Exemptions, filed on June 17, 1993, is hereby SUSTAINED.

**IT IS SO ORDERED.**