Carl VAN, and Judith Van, Plaintiffs-Appellants,

v.

TOWN OF MANITOWOC RAPIDS, Robert Braunel, Chairman, Reuben J. Schneider, Supervisor, and Clement Linsmeier, Supervisor, Defendants-Respondents.

Court of Appeals

*No. 88–2248. Submitted on briefs May 3, 1989.—Decided May 17, 1989.*

(Also reported in 442 N.W.2d 557.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Patrick A. Dewane, Jr.* of *Dewane, Dewane, Kummer & Lambert* of Manitowoc.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Robert P. Hurth, Jr.* of *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This appeal concerns sec. 88.87(2), Stats., which imposes a duty on governmental entities to refrain from impeding the general flow of water in an unreasonable manner when constructing or maintaining highways or railroad beds. The statute creates a remedy for property owners who claim damages for violating this statute and establishes certain procedures to be followed in making a claim. Because Carl and Judith Van did not

follow these procedures prior to commencing a lawsuit, the trial court granted summary judgment against them. We hold that these procedures are a mandatory condition precedent to filing a claim under the statute and affirm.

The Vans commenced this action against the town of Manitowoc Rapids and certain officials for damage to their land caused by flooding allegedly resulting from the town's installation or maintenance of a town road. The action was dismissed because of the Vans' failure to comply with the requirements of sec. 88.87(2), Stats.[1]

---

[1] Section 88.87(2), Stats., reads in pertinent part as follows:

**(2)**(a)  Whenever any . . . town . . . has . . . constructed and now maintains or hereafter constructs . . . and maintains any highway . . . it shall not impede the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands. All such highways . . . shall be constructed with adequate ditches, culverts, and other facilities as may be feasible, consonant with sound engineering practices, to the end of maintaining as far as practicable the original flow lines of drainage . . . ..

. . . ..

(c)  Whenever any . . . town . . . constructs and maintains a highway . . . not in accordance with par. (a), any property owner damages thereby may, within 90 days after the alleged damage occurred, file a claim with the appropriate governmental agency . . . .. Such claim shall consist of a sworn statement of the alleged faulty construction and a legal description of the lands alleged to have been damaged by flooding or water-soaking. Within 90 days after the filing of such claim, the governmental agency . . . shall either correct the cause of the water damage, acquire rights to use the land for drainage or overflow purposes, or deny the claim. If the agency or company denies the claim or fails to take any action within 90 days after the filing of the claim, the property owner may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable.

The statute requires that the notice of claim for the type of damage contemplated by the statute be given within ninety days after the alleged damages occurred. It is undisputed that the Vans failed to comply with this requirement. The statute also requires that the notice give a legal description of the property. The Vans gave merely their postal address. Finally, the statute allows a claim for inverse condemnation under ch. 32, Stats., or such other relief, *other than damages,* as may be just and equitable. The Vans' complaint makes no mention of inverse condemnation, but does ask for damages— though it also prays for such other relief as is just and equitable.

The Vans argue that although the statute contemplates a ninety-day notice, the town had actual notice because town officials were at the scene when the damages occurred. The Vans also argue that the legal description was not necessary because, again, the officials were at the property and had actual notice of the land which was the subject of the damage. The Vans further argue that under Wisconsin's liberal view of pleadings, their complaint did not have to be more particularized about the relief sought and even if it did, the trial court abused its discretion by not allowing an amendment so that the Vans could assert an inverse condemnation claim.

We do not find it necessary to discuss the last issue regarding whether the nature of the relief had to be more particularized since we hold that actual notice will not suffice to overcome the requirement that a notice of claim must be given within ninety days. Nor will actual notice work as an alternative to providing a legal description of the property in a formal written claim.

None of the pertinent facts is in dispute. The construction of a statute in relation to a given set of facts is a question of law, and therefore, we need not give any deference to the trial court. *Local Union No. 2490 v. Waukesha County*, 143 Wis. 2d 438, 444, 422 N.W.2d 117, 119–20 (Ct. App. 1988).

The Vans' legal argument can be summarized as claiming that actual notice by the town of both the date of damage and the location of the land that was damaged suffices as an alternative to a formal notice that must be given within ninety days and must contain a legal description. In support, the Vans direct our attention to sec. 893.80(1), Stats., which is a notice of injury statute. It contains a "savings clause" whereby the failure to give notice is excused if actual notice can be established. The Vans conclude that the same should be appropriate here.

The Vans' argument is incorrect and their reliance upon sec. 893.80, Stats., is misplaced. Notice of injury statutes perform an entirely different function than do the notice of claim statutes. Notice of injury statutes allow the governmental authorities an opportunity to investigate the matter. *Elm Park Iowa, Inc. v. Denniston*, 92 Wis. 2d 723, 730, 286 N.W.2d 5, 8 (Ct. App. 1979). Notice of claim statutes provide the government authorities with an opportunity to effect a compromise short of lawsuit and alerts them of possible expenses so that appropriate review of the budget can be made for settlement or litigation purposes. *See id.* at 730, 286 N.W.2d at 8–9. The legislature has not seen fit to write "savings clauses" into notice of claims statutes. *See Yotvat v. Roth*, 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). This makes sense since, while actual notice may be sufficient to foster an investigation, the

budget review process and discussions about whether a case should be compromised necessarily proceed on the basis of a formal claim presented to the government. This is because those in government are officially informed that the claimant has made the solemn decision to take legal action. It gives the government a starting time frame within which to determine whether to try to compromise the claim short of legal action. Section 88.87, Stats., has no "savings clause." It is a notice of claim statute, not a notice of injury statute.

Moreover, the statute created a new right in derogation of the common law. (At common law, a government has no duty to property owners for water damage occasioned by road construction or repair.) It is a cardinal rule that where a new right has been given by statute and a specific remedy provided by statute, the right can be vindicated in no other way than that prescribed by statute. *Schaut v. Joint School Dist. No. 6,* 191 Wis. 104, 107–08, 210 N.W. 270, 272 (1926). Such statutes are to be construed narrowly and strictly. *Rose v. Schantz,* 56 Wis. 2d 222, 227, 201 N.W.2d 593, 597 (1972).

Based on the reasoning in *Yotvat* and the fact that this is a statute in derogation of common law, we refuse to engraft a "savings clause" onto sec. 88.87(2), Stats. Therefore, the Vans' claim that "actual notice" obviated both the need to file a claim within ninety days and the need for a legal description fails. Property owners must satisfy both conditions before commencing a lawsuit under this statute.

*By the Court.*—Judgment affirmed.