STATE of Wisconsin EX REL. David S. FREDERICK, Petitioner-Appellant,

v.

Gary R. MCCAUGHTRY, Superintendent, Respondent-Respondent.

Court of Appeals

*No. 91-2754. Submitted on briefs April 23, 1992.—Decided December 10, 1992.*

(Also reported in — N.W.2d —.)

223

For the petitioner-appellant the cause was submitted on the briefs of *David S. Frederick* of Portage.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Gregory M. Posner-Weber,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   Frederick is an inmate at the Columbia Correctional Institution. He appeals, *pro se*, from an order denying his petition for a writ of habeas corpus on the ground of improper venue. The issues are: (1) whether venue in this action is governed by subsec. (3) or (4) of sec. 801.50, Stats.,[1] and (2) whether Freder-

---

[1] Section 801.50(3), Stats., states:

> All actions in which the sole defendant is the state, any state board or commission or any state officer, employe or agent in an official capacity shall be venued in Dane county unless another venue is specifically authorized by law.

Section 801.50(4), Stats., provides:

> Venue of an action seeking a remedy available by habeas corpus shall be in the county:
>
> (a)   Where the plaintiff was convicted or sentenced if the action seeks relief from a judgment of conviction or sentence under which the plaintiff's liberty is restrained.

ick's liberty is restrained in Dane or Columbia county under sec. 801.50(4)(b), Stats.

We conclude that venue is properly determined under sec. 801.50(4)(b), Stats., and that Frederick's liberty is restrained in Columbia county where he is incarcerated. Accordingly, we hold that Columbia county is the appropriate venue for this action and affirm the trial court's denial of his petition.

## I.

In July 1989, while Frederick was an inmate at the Waupun Correctional Institution in Dodge county, he was disciplined for possessing contraband in his cell. As a result, he was placed in solitary confinement for thirty days and deprived of six days of good time credit. The prison disciplinary committee's decision was affirmed by McCaughtry, the superintendent at Waupun. The trial court denied Frederick's petition for habeas corpus because Frederick had brought this action in an improper venue.

## II.

Resolution of the issues on appeal requires construction of the venue statute, sec. 801.50, Stats. Statutory construction presents a question of law which we review *de novo*. *State ex rel. Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988).

In interpreting a statute, our purpose is to ascertain the legislature's intent and give it effect. *Id.* We first examine the statute's language, and, absent ambiguity, it

(b) Where the liberty of the plaintiff is restrained if the action seeks relief concerning any other matter relating to a restraint on the liberty of the plaintiff.

is our duty to give that language its ordinary meaning. *Id.* at 189-90, 426 N.W.2d at 73. We also consider sections related to the statute being construed and presume that the legislature carefully chose its terms to express its meaning. *State v. McKenzie*, 139 Wis. 2d 171, 177, 407 N.W.2d 274, 277 (Ct. App. 1987).

Statutory language is ambiguous if reasonable people could disagree as to its meaning. *Dieckhoff*, 145 Wis. 2d at 190, 426 N.W.2d at 73. Only if the statute is unclear will we attempt to discern the legislature's intent by examining the scope, history, context, subject matter and purpose of the statute. *Id.* Finally, in construing a statute, we must avoid an interpretation which yields an unreasonable result, *id.* at 193, 426 N.W.2d at 75, or which renders any of the statutory language superfluous, *State ex rel. Taylor v. Linse*, 161 Wis. 2d 719, 723, 469 N.W.2d 201, 202 (Ct. App. 1991).

### III.

Relying on sec. 801.50(3), Stats., and *Irby v. Young*, 139 Wis. 2d 279, 407 N.W.2d 314 (Ct. App. 1987), Frederick argues that because McCaughtry is a state employee acting in an official capacity, his habeas petition is properly venued in Dane county. The argument fails for two reasons. First, *Irby* involved a petition for *certiorari* review and not habeas corpus. Thus, *Irby* does not apply to the case before us.

Second, it is clear from the language of sec. 801.50(3), Stats., that Dane county is the appropriate venue for actions against state employees acting in their official capacities in the absence of any other provision in the law which requires a different venue. Because sec. 801.50(4), Stats., contains a specific venue provision, it

overrides sec. 801.50(3) and controls venue in this action.

There is still the question as to which paragraph of sec. 801.50(4), Stats., applies to Frederick's petition. The trial court's order indicated that Frederick's petition comes within par. (a), which determines venue when the habeas petition seeks relief from a judgment of conviction or a sentence. We disagree.

Frederick's petition does not concern the manner in which his conviction was obtained or his sentence imposed. Instead, it focuses on the loss of good time credit as the result of an incident which took place while Frederick was serving his sentence. Thus, we conclude that his petition falls under the par. (b) category of "seeks relief concerning any other matter relating to a restraint on the liberty of the plaintiff."

We avoid an unreasonable result by determining that sec. 801.50(4)(a), Stats., does not apply to prison disciplinary actions even though they may reduce an inmate's good time credit toward his sentence. If par. (a) governed venue in this action, Frederick's petition would have to be adjudicated in Eau Claire county.[2] As neither party resides in Eau Claire county and the event which gave rise to this petition occurred elsewhere, venue in Eau Claire county would be unreasonable. We also note that Frederick's case is not unique. Prisoners nearly always serve their terms in a different county than the one in which they were convicted and sentenced.

---

[2] Although the record does not contain Frederick's judgment of conviction, the briefs of both parties indicate that Frederick was convicted and sentenced in Eau Claire county.

## IV.

Frederick contends that even if sec. 801.50(4)(b), Stats., governs venue in his case, Dane county would still be the appropriate venue because his liberty is restrained by the Department of Corrections whose central office is located in Madison. We reject this argument.

Because reasonable people could disagree about the meaning of the phrase "[w]here the liberty of the plaintiff is restrained," we look beyond the statutory language to discover legislative intent. *Dieckhoff*, 145 Wis. 2d at 190, 426 N.W.2d at 73. We find guidance in the following comment regarding sec. 801.50(9r), Stats. (1981-82),[3] the predecessor to sec. 801.50(4), Stats.:

> Sub[section] (9r) is intended to eliminate some of the confusion as to venue for an action seeking habeas corpus relief. An attack on the validity of a conviction or sentence is most appropriately filed in the county where the conviction and sentence took place while an attack on the conditions of confinement is most appropriate in the county where the plaintiff is confined. In each, venue is where the records and witnesses are most likely to be conveniently available.

Judicial Council Note, 1981, sec. 801.50, Stats. (1981-82).

---

[3] Section 801.50(9r), Stats. (1981-82), stated:

Of an action seeking a remedy available by habeas corpus:

(a) If the action seeks relief from a judgment of conviction or a sentence under which the plaintiff's liberty is restrained, in the county in which the plaintiff was convicted or sentenced.

(b) If the action seeks relief concerning any other matter relating to a restraint on the liberty of the plaintiff, in the county in which the liberty of the plaintiff is restrained.

Attacks on conditions of confinement correspond to the petitions brought currently under sec. 801.50(4)(b), Stats. Thus, the liberty of the plaintiff is restrained in the county where the plaintiff is confined. As confinement is commonly understood to mean imprisonment or incarceration, we conclude that an inmate's liberty is restrained at the jail or prison in which the inmate resides. Therefore, Frederick's liberty is restrained at the Columbia Correctional Institution located in Columbia county.

*By the Court.*—Order affirmed.