N.E.M. By Her Guardian Ad Litem, Gary M. Kryshak, Plaintiff-Appellant,

Charles MEYER and Patti Meyer, Plaintiffs,

v.

Eugene STRIGEL and Judy Strigel, Defendants-Respondents,†

Scott STRIGEL, Defendant.

Court of Appeals

*No. 95–0755. Submitted on briefs October 9, 1995.—Decided December 14, 1995.*

(Also reported in 543 N.W.2d 821.)

†Petition to review granted.

720

For the plaintiff-appellant the cause was submitted on the brief of *Leon S. Schmidt, Jr.* of *Schmidt, Grace & Duncan* of Wisconsin Rapids.

For the defendants-respondents the cause was submitted on the brief of *Robert G. Craig* of Marshfield.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. N.E.M., a minor, appeals from a judgment in which the trial court concluded that Eugene and Judy Strigel's liability for their son, Scott's, sexual assaults was limited to $2,500[1] pursuant to § 895.035(4), STATS.[2] A jury found that Scott sexually assaulted N.E.M. twenty times. It awarded N.E.M. $35,000 in compensatory damages, her parents $8,589 for out-of-pocket expenses and loss of society

---

[1] The judgment contained in the record states that the Strigels' liability was limited to $3,500, but a copy of a judgment contained in N.E.M.'s appendix and a transcript indicate that the Strigels' liability was limited to $2,500, as provided by statute. Whether this was a mistake is irrelevant because our focus is on whether Scott's twenty sexual assaults were one act under § 895.035(4), STATS. That statute limits parental liability to "$2,500 for damages resulting from any one act of a child."

[2] Section 895.035(4), STATS., provides in relevant part:

> Except for recovery for retail theft under s. 943.51, the maximum recovery from any parent or parents may not exceed $2,500 for damages resulting from any one act of a child in addition to taxable costs and disbursements and reasonable attorney fees, as determined by the court.

722

and companionship, and $10,000 in punitive damages. The sole issue in this case is whether twenty acts of sexual assault are one act for the purpose of determining the extent of the Strigels' parental liability under § 895.035(4). N.E.M. argues that the court erred in limiting the Strigels' liability to $2,500 because Scott committed twenty acts, not one. We agree and, therefore, reverse.

## BACKGROUND

During the summer and fall of 1992, Scott Strigel, age fifteen, sexually assaulted N.E.M., age ten, on numerous occasions. She and her parents sued Scott and his parents. The jury concluded that Scott had sexually assaulted N.E.M. twenty times and that his conduct was wanton and willful. N.E.M., arguing that Scott's parents were liable up to $50,000 for these assaults under § 895.035, STATS., the parental liability statute, moved the trial court for judgment. The court concluded that the twenty assaults were a single continuing act for the purposes of parental liability and limited the Strigels' liability to $2,500. N.E.M. appeals.

## STANDARD OF REVIEW

To determine whether the Strigels are liable up to $2,500 for each time their son sexually assaulted N.E.M., we must construe § 895.035(4), STATS. Statutory interpretation presents a question of law which we review *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). In construing a statute, our purpose is to discern the legislature's intent and give it effect. *Id.* The first step is to examine the statute's language, and, absent ambiguity, it is our duty to give the language its ordi-

nary meaning. *Id*. at 225-26, 496 N.W.2d at 179. Since § 895.035 is in derogation of the common law, we strictly construe it. *Poston v. United States Fidelity & Guar. Co.*, 107 Wis. 2d 215, 224, 320 N.W.2d 9, 14 (Ct. App. 1982).

## PARENTAL LIABILITY

Section 895.035(2), STATS., makes parents with custody of a minor child liable for personal injuries attributable to a willful, malicious or wanton act of that child. Section 895.035(4) provides that "the maximum recovery from any parent or parents may not exceed $2,500 for damages *resulting from any one act* of a child in addition to taxable costs and disbursements and reasonable attorney fees . . . ." (Emphasis added.) The language of subsection (4) is clear and unambiguous. A parent is liable up to $2,500 for damages resulting from any one act of a child. For the purpose of this subsection, "any one act" refers to a single, particular and separate act and not to several acts. In other words, the extent of a parent's liability turns upon the number of acts which cause damage and will not exceed $2,500 for each such act. We conclude, then, that the statute does not permit a court to merge a series of acts which occur over a period of time into one act but instead requires us to treat them as separate acts, each exposing a parent to liability up to $2,500. Thus, when the jury concluded that Scott sexually assaulted N.E.M. twenty times, for the purpose of this statute, he committed twenty separate acts. Consequently, the Strigels are liable up to $2,500 for each time he sexually assaulted N.E.M., or $50,000.

But the Strigels argue that we must strictly construe § 895.035(4), STATS., because it is in derogation of common law. They assert that the twenty sexual assaults were, therefore, but one continuing act. We disagree. Strict construction requires limiting the language, not ignoring the plain language of the statute. The Strigels would have us read the phrase "any one act" as meaning "all acts." That we cannot do. *See Thomas v. Iowa Nat'l Mut. Ins. Co.*, 132 Wis. 2d 18, 22, 390 N.W.2d 572, 574 (Ct. App. 1986) (when the language of a statute is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms). If "any one act" means "all acts," Scott could have assaulted twenty girls and his parents' liability would have been only $125 for each assault. This is contrary to the language of the statute. Moreover, all of Scott's sexual assaults after the first one would be noncompensable. Such a result would hardly be a disincentive to a person committing repetitive sexual assaults. Consequently, we reject their contention.

■

The parental liability statute represents a valid exercise of the state's police power and gives parents a financial incentive to prevent their minor children from inflicting personal injury. *First Bank Southeast, N.A. v. Bentkowski*, 138 Wis. 2d 283, 289, 405 N.W.2d 764, 766 (Ct. App. 1987). Making parents liable up to $2,500 for each act committed by their child is consistent with that goal. Indeed, had Scott been criminally charged, he could have been subjected to at least twenty separate counts. *See State v. Kruzycki*, 192 Wis. 2d 509, 520-24, 531 N.W.2d 429, 433-35 (Ct. App. 1995) (two acts of sexual assault sufficiently different in fact

may justify separate charges under the same statute). Criminal statutes, like statutes in derogation of common law, are strictly construed. *State v. Timm*, 163 Wis. 2d 894, 899, 472 N.W.2d 593, 595 (Ct. App. 1991). Thus, we cannot conclude that Scott's twenty sexual assaults were one act for the purpose of this civil action, but twenty acts for the purpose of a criminal prosecution.

We conclude that the trial court erred when it determined that Scott committed one act thereby limiting the Strigels' liability to $2,500. Instead, the Strigels are liable up to $2,500 for each of the twenty assaults, or $50,000. Consequently, we reverse the judgment and remand for a recalculation of damages.

*By the Court*.—Judgment reversed and cause remanded with directions.

SUNDBY, J. (*concurring*). It is undisputed that the sexual assaults which are the subject of this case occurred on twenty separate occasions. In a criminal prosecution, the assaulter could not successfully argue that he was subjected to double jeopardy if the state decided to prosecute him on twenty counts. I cannot read § 895.035(4), STATS., to provide that for civil liability purposes the twenty assaults were a single continuing act. The statute imposes a maximum recovery from any parent or parents "for damages resulting from any one act of a child . . . ." The word "act" has no special meaning; we may therefore rely on a standard dictionary definition. *See State ex rel. Girouard v. Jackson Circuit Court*, 155 Wis. 2d 148, 156, 454 N.W.2d 792, 795-96 (1990). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 20 (1976), defines "act" as: "[O]ne of

the successive parts or performances each complete in itself . . . ." Each of the assaulter's acts was "complete in itself."

Had the assaulter sexually assaulted twenty different persons, there would be no question but that his parents could be liable for damages for each such act under § 895.035(4), STATS. I do not see how we can interpret the statute any differently when the twenty separate acts consist of assaults of the same person. This may not have been the result intended by the legislature but I cannot conclude that the language of the statute is ambiguous. Therefore, I concur.

EICH, C.J. (*dissenting*). Because § 895.035, STATS., is in derogation of common law, it must be construed "narrowly and strictly." *Van v. Town of Manitowoc Rapids*, 150 Wis. 2d 929, 934, 442 N.W.2d 557, 559 (Ct. App. 1989). The statute's purpose is not to compensate victims but to "[g]iv[e] parents a financial incentive to prevent their minor children from inflicting personal injury and property damage." *First Bank Southeast, N.A. v. Bentkowski*, 138 Wis. 2d 283, 289, 405 N.W.2d 764, 766 (Ct. App. 1987).

I agree with my colleagues that the statute's use of the seemingly singular word "act" is problematic. But dictionary definitions do not provide the answer to our inquiry. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976), for example, defines the term in a full foot of small-print text, and the definition recited in the concurring opinion—"one of the successive parts or performances each complete in itself"—does not tell the whole story, for it continues: "making up an entertainment program (as of a variety show or circus)." *Id.* at 20. The same dictionary also defines the term as "a *sequence of human behavior considered as a unit* that is

directed toward a goal and is regulated by standards of conduct." *Id.* (emphasis added). WEBSTER's may thus be read either as support for the trial court's ruling or, at best, as an inconclusive source for interpretation of the statute.

The noncompensatory purpose of the law would be thwarted, I feel, by allowing the plaintiff in this case to recover twenty times the stated amount—as would allowing a plaintiff in another case to recover twenty times over for a child's "act" of breaking twenty windows. Such an interpretation would be an expansive, rather than a narrow, construction of the statute and would change it from one of parental deterrence to one providing compensation for damages suffered as a result of the child's conduct—a remedy readily available to the injured party in a civil proceeding.

Interpreting the statute "narrowly and strictly," as the trial court did—and as *Van* and similar cases require—to limit the damages recoverable for the child's series of assaults to $2,500 is a reasonable application of the law consistent with its purpose and the manner in which we are directed to construe it. I would do so in this case and affirm the judgment.