Rebecca LALUZERNE, Petitioner-Appellant,

v.

Larry STANGE, Respondent-Respondent.

Court of Appeals

*No.  95–1718.  Submitted on briefs January 23, 1996.—Decided February 13, 1996.*

(Also reported in 546 N.W.2d 182.)

180

For the petitioner-appellant the cause was submitted on the briefs of *Julie L. Cabou* of Milwaukee.

For the respondent-respondent the cause was submitted on the brief of *John C. Gower* of Oconto Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Rebecca Laluzerne appeals an order granting a mutual domestic abuse injunction that required both Laluzerne and the respondent, Larry Stange, to avoid each other's residence and to avoid contacting each other. Laluzerne contends the trial court erred when it granted a domestic abuse injunction against her because: (1) Stange did not present any evidence that she had abused him or threatened to do so; (2) she was the petitioner in the action; and (3) Stange never filed a petition against her. Laluzerne further contends that the trial court erred when it granted the injunction against Stange for six days and not the two years she requested.

We conclude the trial court erred by granting the mutual injunction without any allegation or evidence

181

that Laluzerne abused Stange or threatened to do so. Additionally, we conclude § 813.12(4)(a), STATS., precludes an injunction without the filing of a formal petition, and § 813.12(4)(b) precludes an injunction against the petitioner in the same action as that filed by the petitioner. We further conclude the trial court erred by limiting the requested injunction to a six-day period. However, because the trial court erroneously relied on Stange's agreement to a mutual injunction, the trial court did not hear sufficient evidence at the hearing to make a finding that an injunction was warranted against Stange. Therefore, we reverse the order and remand to the trial court to hold an evidentiary hearing on whether Laluzerne is entitled to an injunction against Stange.

Laluzerne filed a petition for a temporary restraining order and domestic abuse injunction against her husband, Larry Stange. In her petition, Laluzerne swore under oath that she was in imminent danger of physical harm from Stange and requested a two-year injunction. Laluzerne detailed Stange's threats to hurt her, his severe change in personality and her fear that he would kill her. Judge Larry L. Jeske reviewed the petition and found reasonable grounds to believe that Laluzerne needed protection. Accordingly, Judge Jeske signed a temporary restraining order requiring Stange to avoid Laluzerne's residence, to avoid contacting or causing any person other than a party's attorney to contact Laluzerne unless she consents in writing, and to surrender all weapons.

A hearing was then set for Laluzerne's request for a two-year domestic abuse injunction. Laluzerne appeared pro se at the hearing and Stange appeared with his attorney. At the hearing, Judge Jeske

explained that because of his prior representation of Stange, he felt uncomfortable being the judge in the case. Accordingly, Judge Jeske attempted to act as a mediator and elicit an agreement between the parties to voluntarily stay apart without a finding of domestic abuse. Unable to reach an agreement, Judge Jeske arranged for Judge Eugene F. McEssey to hold the evidentiary hearing later that day. At the hearing, Judge McEssey limited the testimony after Stange indicated he would agree to a mutual injunction. Judge McEssey then entered a mutual domestic abuse injunction for six days until the date set for the temporary hearing in the then-pending divorce action between the parties.

Each of the issues Laluzerne raises on appeal requires the interpretation of § 813.12, STATS. Statutory interpretation presents a question of law that we review without deference to the trial court. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id.* Only if a statute is ambiguous do we look beyond the statutory language. *Id.* at 225-26, 496 N.W.2d at 179. A statute is ambiguous only if it is capable of two or more reasonable interpretations. *Id.* at 226, 496 N.W.2d at 179.

Laluzerne first contends the trial court erred when it issued the injunction against her without any allegation or evidence that she abused Stange or threatened to do so. We agree. The record in this case is devoid of any allegation or evidence that Laluzerne presented a risk of violence to Stange. Without the proper evidentiary basis it was error for the court to order an injunction against Laluzerne.

Injunctions can be justified only in extreme circumstances. *See Schramek v. Bohren*, 145 Wis. 2d 695, 710-11, 429 N.W.2d 501, 507 (Ct. App. 1988); *Matlock v. Weets*, 531 N.W.2d 118, 122 (Iowa 1995). Accordingly, the court may not grant a domestic abuse injunction unless it "finds reasonable grounds . . . that the respondent has engaged in, or . . . may engage in, domestic abuse of the petitioner." Section 813.12(4)(a)3, STATS. Without such a finding, it is error to restrict a citizen from exercising rights otherwise guaranteed by the constitution.

The trial court apparently reasoned that because Stange would be enjoined from having contact with Laluzerne, it was appropriate to also enjoin Laluzerne. However, Stange made no allegations that Laluzerne abused him or threatened to do so and presented no evidence to support such a proposition. While it is true that an injunction against Stange would prohibit him from contacting Laluzerne, the only basis to issue an injunction against Laluzerne is upon proof that she abused Stange or threatened to do so. *See* § 813.12(1)(a) and (4)(a), STATS. The issuing of an injunction against one does not by itself support issuing an injunction against the other. Section 813.12 authorizes injunctions only in limited and specific cases. When a petitioner's physical safety is in danger, there is statutory authority to issue a domestic abuse injunction; however, in the absence of such circumstances the court has no authority to order the injunction. Accordingly, mutual injunctions exceed the court's authority when there is no evidence that both parties' physical safety is in danger. Because Stange made no allegation and presented no evidence that

184

Laluzerne had abused him or threatened to do so, we conclude the trial court erred when it granted an injunction against Laluzerne.

Laluzerne also raises two other objections to the granting of a domestic abuse injunction against her. She contends that § 813.12(4)(a), STATS., precludes an injunction without the filing of a formal petition, and § 813.12(4)(b) precludes an injunction against the petitioner in the same action as that filed by the petitioner. The applicable provisions of § 813.12 are as follows:

> (4) INJUNCTION (a) A judge or family court commissioner may grant an injunction . . . if all of the following occur:
> 1. The petitioner files a petition alleging the elements set forth under sub. (5)(a).
> 2. The petitioner serves upon the respondent a copy of the petition and notice of the time for hearing on the issuance of the injunction, or the respondent serves upon the petitioner notice of the time for hearing the issuance of the injunction.
> 3. After hearing, the judge or family court commissioner finds reasonable grounds to believe that the respondent has engaged in, or based upon prior conduct of the petitioner and the respondent may engage in, domestic abuse of the petitioner.
> . . . .
> (b) The judge or family court commissioner may enter an injunction only against the respondent named in the petition. *No injunction may be issued under this subsection under the same case number against the person petitioning for the injunction.* (Emphasis added.)

We conclude that these contentions provide an alternative basis to conclude that the court erred when

it granted an injunction against Laluzerne. The clear and unambiguous language of § 813.12(4)(a), STATS., provides that an injunction may be granted only if the petitioner files a petition alleging the necessary elements. It is undisputed that Stange did not file a petition in this action. Therefore, the court erred when it granted the injunction against Laluzerne without Stange filing a petition.

Further, under the clear and unambiguous language of § 813.12(4)(b), STATS., the court may only enter an injunction against the respondent named in the petition; it cannot issue an injunction against the petitioner under the same case number. Therefore, this section precludes the issuing of a mutual domestic abuse injunction. Because Laluzerne was the petitioner in this action and Stange was the respondent, the court only had authority to issue an injunction against Stange.

Stange argues that the mutual domestic abuse injunction was entered upon the stipulation of the parties and therefore Laluzerne is estopped from challenging the injunction. We disagree. A stipulation between the parties is "an agreement between them—a recommendation jointly made by them to the court suggesting what the judgment, if granted, is to provide." *Bliwas v. Bliwas*, 47 Wis. 2d 635, 638, 178 N.W.2d 35, 37 (1970).

The statements Stange relies on to support the proposition that the parties entered into a stipulation are taken out of context and do not support a finding that the parties entered into a stipulation. The first statement relied on by Stange was while Judge Jeske was attempting to reach a settlement without a hearing or a finding of domestic abuse. If any agreement

had been reached, the evidentiary hearing before Judge McEssey that followed would not have been necessary. Further, at the hearing before Judge McEssey, Stange's attorney referred to an offer of a mutual injunction and not an agreement or stipulation. We therefore conclude that the record discloses no stipulation at the hearing before Judge Jeske.

The other statements at the hearing before Judge McEssey do not reflect a mutual agreement of the parties; they reflect only Laluzerne's understanding of and expected agreement with the trial court's order. Neither party mentioned the word "stipulation," Judge McEssey never inquired whether Laluzerne would agree to a mutual injunction, and the record does not reflect an agreement between the parties. We therefore conclude that the parties did not enter into a stipulation and reject Stange's argument.[1]

Next, Laluzerne contends that the trial court was required under § 813.12(4)(c), STATS., to grant the injunction against Stange for the two years she requested. The trial court granted the injunction for only six days until the date set for a hearing in the then-pending divorce action. Section 813.12(4)(c)1 provides in part: "An injunction under this subsection is effective according to its terms, *for the period of time that the petitioner requests*, but not more than 2 years." (Emphasis added.) The legislature recently added the language "for the period of time that the petitioner requests" to the statute. 1993 Wis. Act 319, § 16.

---

[1] In view of the fact that no stipulation was agreed upon, we do not reach the issue whether such a stipulation would estop Laluzerne from challenging the injunction.

Under the clear and unambiguous language of § 813.12(4)(c), STATS., the injunction is effective for the period of time the petitioner requests.[2] Stange has neither argued nor presented evidence to the contrary. Accordingly, we conclude that the trial court erred by limiting the injunction to six days.

However, Stange contends that there was insufficient evidence to support the issuance of the injunction against him. We agree. While Laluzerne swore under oath in her petition regarding Stange's threats to hurt her and his severe change in personality, neither Laluzerne nor any other witness testified to the threats at the hearing. In the absence of proof of the allegations at the hearing, the trial court was without sufficient evidence to support an injunction. *See Bachowski v. Salamone*, 139 Wis. 2d 397, 414, 407 N.W.2d 533, 540 (1987).

The trial court appeared to cut the hearing short and limit testimony due to the fact that Stange agreed to a mutual injunction. The trial court stated: "The point is here that they both agree, he agrees to have a joint, and then we'll grant the restraining order, so that part is accomplished." Stange's agreement to a domestic abuse injunction was conditioned on the issuance of a mutual injunction. The parties did not stipulate to a mutual injunction being issued and therefore a proper evidentiary record is required to support the court's order that a domestic abuse injunction be issued. Because there was no stipulation between the parties and an injunction against Laluzerne was improper, we

---

[2] Neither party argues the constitutionality of a statute that does not give the trial court discretion to determine the appropriate time period for the injunction. Therefore, we do not address that issue.

conclude that the case should be remanded to the trial court for an evidentiary hearing to determine whether Laluzerne is entitled to an injunction against Stange. The temporary restraining order shall remain in effect until the conclusion of the hearing on remand. Because § 813.12(3)(c), STATS., requires the judge to hold the hearing within seven days after the temporary restraining order is issued, we direct the trial court to hold the evidentiary hearing within seven days after the record is remitted to the trial court.

In sum, we conclude that the trial court could not issue a domestic abuse injunction against Laluzerne without any allegation or evidence that she abused or threatened to abuse Stange and the trial court erred when it limited the injunction to six days. Additionally, we conclude § 813.12(4)(a), STATS., precludes an injunction without the filing of a formal petition and § 813.12(4)(b) precludes an injunction against the petitioner in the same action as that filed by the petitioner. We further conclude that because the trial court erroneously relied on Stange's agreement for a mutual injunction, it failed to hear sufficient evidence to support a finding that the injunction was warranted against Stange. Therefore, we reverse the order and remand to the trial court to hold an evidentiary hearing on whether Laluzerne is entitled to a domestic abuse injunction against Stange.

*By the Court.*—Order reversed and cause remanded with directions.